**Indratati SELAMET, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 13–72182.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2015.*

Filed Nov. 25, 2015.

Albert C. Lum, Sr., Esquire, Law Office of Albert C. Lum, Pasadena, CA, for Petitioner.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Before: TASHIMA, OWENS, and FRIEDLAND, Circuit Judges.

### MEMORANDUM **

Indratati Selamet, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence the agency's factual findings. *Wakkary v. Holder,* 558 F.3d 1049, 1056 (9th Cir.2009). We deny the petition for review.

Substantial evidence supports the agency's finding that the incidents Selamet experienced in Indonesia, even considered cumulatively, do not rise to the level of persecution. *See id.* at 1059–60; *Halim v. Holder,* 590 F.3d 971, 975–76 (9th Cir. 2009). Substantial evidence also supports the agency's finding that, under a disfavored group analysis, Selamet has not shown sufficient individualized risk to establish a well-founded fear of future persecution. *See Halim,* 590 F.3d at 977–79. We reject Selamet's contention that the agency applied the disfavored group analysis incorrectly. Accordingly, Selamet's asylum claim fails.

Because Selamet failed to meet the lower burden of proof for asylum, her claim for withholding of removal necessarily fails. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Finally, substantial evidence also supports the agency's denial of CAT relief because Selamet failed to show it is more likely than not she will be tortured with the consent or acquiescence of the government if returned to Indonesia. *See Silaya v. Mukasey,* 524 F.3d 1066, 1073 (9th Cir. 2008).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).